# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENNIS MCGAUGHY,

             Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

             Agency.

DOCKET NUMBER
DC-0831-14-0275-I-1

DATE: August 21, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Dennis McGaughy, Snow Hill, North Carolina, pro se.

Patrick Jennings, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision that dismissed the appellant's request for reconsideration as untimely filed. Generally, we grant petitions such as this one only when: the initial decision

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On September 23, 2010, OPM issued an initial decision informing the appellant that because, prior to retirement, he had not made a deposit of 7 percent of his estimated earnings or basic pay for his post-1956 active-duty military service and he was now in receipt of payments under Social Security, his retirement annuity would be recomputed to eliminate credit for all post-1956 military service from his annuity computation. Initial Appeal File (IAF), Tab 6 at 11. OPM's initial decision informed the appellant that he could dispute the reduction in his federal retirement annuity by requesting reconsideration within 30 days of the date of the initial decision. *Id*. By letter postmarked, November 30, 2012, the appellant requested reconsideration. *Id*. at 9. OPM issued an initial decision that dismissed the appellant's request for "lack of timeliness." *Id*. at 5.

¶3        On appeal, the administrative judge found that the appellant's reconsideration request was untimely filed by more than 2 years. IAF, Tab 19, Initial Decision (ID) at 2. She also found that, while the appellant submitted documentation that shows that he suffered from medical conditions and

experienced serious financial difficulties during the period when he would have received OPM's September 23, 2010 decision to reduce his annuity, the evidence submitted by the appellant is insufficient to show that he was prevented by circumstances beyond his control from timely requesting reconsideration.  ID at 7-8.

¶4    In his very brief petition for review, the appellant states that the administrative judge did not give him enough time to respond properly and that "[n]either the MSPB nor OPM addressed the issue which began in 1982." Petition for Review File, Tab 1.

¶5    A request for reconsideration of an initial decision issued by OPM regarding retirement benefits must be received by OPM within 30 calendar days from the date of the initial decision.  5 C.F.R. § 831.109(e)(1).  OPM may extend the time limit for filing a request for reconsideration when the applicant can prove that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from making the request within the time limit.  5 C.F.R. § 831.109(e)(2); *see Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006).

¶6    The appellant's November 30, 2012 request for reconsideration and waiver was filed more than 2 years after the issuance of OPM's initial decision. Information and instructions enclosed with that initial decision included the statement that the request must be received by OPM within 30 calendar days of the date of the initial decision.  IAF, Tab 6 at 14.  The instructions stated that OPM can extend the time limit if the appellant could show that he:  (1) was not notified of the time limit and was not otherwise aware of it; or (2) was prevented from responding by a cause beyond his control.  *Id*.; *see* 5 C.F.R. § 831.109(e)(2); *see also Azarkhish v. Office of Personnel Management*, 915 F.2d 675, 677 (Fed. Cir. 1990).  The good cause standard the Board applies to cases untimely filed with the Board is a more lenient standard than the narrower factual criteria under 5 C.F.R. § 831.109(e)(2).  *Azarkhish*, 915 F.2d at 677 n. 1.

¶7     To the extent that the appellant is asserting on petition for review that the administrative judge did not allow him enough time to submit evidence, his assertion is unavailing. On January 17, 2014, the appellant requested additional time to obtain his personnel folder. IAF, Tab 3. The administrative judge issued an Order to Show Cause, directing the appellant to submit evidence and argument to show that he was not notified of the time limit for filing a request for reconsideration or that he was prevented by circumstances beyond his control from filing the request with the time limit. IAF, Tab. 4. In the Show Cause Order, she denied the appellant's request for an extension but noted that the appellant could renew his request after the issue of the timeliness of his request for reconsideration was decided. *Id*. To the extent that the appellant's petition for review is a renewal of his request for time to obtain his personnel folder now that the initial decision decided the issue of the timeliness of his request for reconsideration, we find no basis to grant it. We agree with the administrative judge that the appellant withdrew his assertion that he did not receive OPM's initial decision. ID at 6. We also agree with the administrative judge that he failed to show that health problems or financial difficulties prevented him from timely requesting reconsideration. ID at 7-8.

¶8     To the extent that the appellant is asserting that the administrative judge erred in failing to reach the merits of his claim that OPM improperly reduced his annuity based on his failure, prior to retirement, to make a deposit of 7 percent of his estimated earnings or basic pay for his post-1956 active-duty military service, his argument is also unavailing. Only when the Board finds that OPM incorrectly dismissed a reconsideration request on timeliness grounds, does the Board have jurisdiction over the merits of the appeal. *See Goodman v. Office of Personnel Management*, 100 M.S.P.R. 43, ¶ 12 (2005). Because OPM correctly dismissed the appellant's request for reconsideration as untimely submitted, the administrative judge properly did not adjudicate the merits of OPM's recomputation of the appellant's annuity.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.